[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-16641
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 7, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00137-CR-WTM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LEE GREEN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____
(December 7, 2005)

Before TJOFLAT, ANDERSON and MARCUS, Circuit Judges.

PER CURIAM:

In a two-count indictment, a Southern District of Georgia grand jury charged

Robert Lee Green, Jr. in Count One with possession of firearm by a convicted

felon, in violation of 18 U.S.C. §§ 922(g)(1), and in Count Two with possession of cocaine and marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a). After the district court denied his motion to suppress evidence seized during a warrantless search of his hotel room and automobile and his post-arrest statements to the police, Green entered a conditional guilty plea to the Count One offense, reserving the right to appeal the court's denial of his motion. Because Green is a career offender, as defined by U.S.S.G. § 4B1.4, and was subject to a 15-year mandatory minimum sentence under 18 U.S.C. § 924(e), the court sentenced him to a prison term of 15 years. He now appeals his conviction on the ground that the court erred in denying his motion to suppress.[1] He also appeals his sentence, contending that the court enhanced his sentence in derogation of the Sixth Amendment, because the court, rather than a jury, established the existence of the prior convictions that triggered the 15-year sentence. See United States v. Booker, 543 U.S.__, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

The district court referred Green's motion to suppress to a magistrate judge, who held an evidentiary hearing. The Government presented the testimony of three members of the Chatham-Savannah Counter Narcotics Team (two agents and

[1] Green also asks that we set aside his conviction because the Government failed to produce Agent Benda's notes as required by Fed. R. Crim. P. 16. The Government says that Green's guilty plea was not conditioned on his right to appeal the court's ruling on this issue. We agree, and therefore do not consider the issue.

2

a sergeant), who were involved in the search of Green's hotel room and automobile (which turned out to be stolen) and questioned Green, and Green presented the testimony of Nianza Johnson, his girlfriend, who was present during the search of the hotel room and while Green spoke to the agents. After hearing all of the testimony and resolving the credibility issues, the magistrate judge issued a Report and Recommendation[2] in which he concluded that both probable cause and exigent circumstances rendered the search of Green's hotel room lawful; that the car was searched after it was determined to have been stolen and because the Narcotics Team had properly seized it; and that Green's statements to the agents were made voluntarily after Green had been advised of his Miranda[3] rights and waived them. The magistrate judge therefore recommended that the district court deny Green's motion to suppress.

The court thereafter considered the Report and Recommendation, conducted a de novo review of the record, and based on the magistrate judge's findings of fact and conclusions of law, denied the motion to suppress. We, in turn, conclude that the record supports those findings of fact and that the conclusions constitute a correct application of the law. We therefore affirm Green's conviction. We turn

---

[2] Record, Vol. 1 at 21.

[3] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

now to Green's sentence, specifically his <u>Booker</u> challenge.

Green contends that the district court denied his Sixth Amendment right to a jury trial when it enhanced his sentence based on facts relating to his prior convictions that he did not admit and a jury did not find. He points specifically to the court's findings that he was represented by counsel in the cases that resulted in his state court convictions, served to increase his offense level under the Guidelines, and triggered the application of 18 U.S.C. § 924(e). We review for plain error issues not raised in the district court. <u>See</u> <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1296 (11th Cir.), <u>cert. denied</u>, 125 S.Ct. 2935 (2005). To prevail under a plain-error standard, the appellant must establish the following: (1) error occurred (2) that is plain and (3) affected substantial rights. <u>see</u> <u>also</u> <u>United States v. Olano</u>, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). Once these elements are established, we may notice the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." <u>Id.</u> at 736, 113 S.Ct. at 1779.

"In <u>Almendarez-Torres v. United States</u>, the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." <u>United States v. Marseille</u>, 377 F.3d 1249, 1257 (11th Cir.), <u>cert. denied</u>, 125 S.Ct. 637 (2004).

4

Neither <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 489-90, 120, S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"), <u>Blakely v. Washington</u>, 542 U.S. 296, ___, 124 S.Ct. 2531, 2537-38, 159 L.Ed.2d 403 (2004) (holding that the imposition of a sentencing enhancement under the state of Washington's mandatory guidelines system based on facts neither admitted by the defendant nor found by the jury violated the defendant's Sixth Amendment right to a jury trial), nor <u>Booker</u>, 543 U.S. at ___, 125 S.Ct. at 755-56 (extending <u>Blakely</u> to the Federal Sentencing Guidelines), disturbed the <u>Almendarez-Torres</u> holding. <u>United States v. Camacho-Ibarquen</u>, 410 F.3d 1307, 1315-16 (11th Cir. 2005).

Section 924(e)(1) of the United States Code requires that a minimum 15-year prison term be imposed for a § 922(g) offense, if the defendant has three previous violent felony or serious drug offenses. Because the court properly found that Green's prior convictions were counseled, and the court had to impose the 15-year mandatory minimum sentence, not even the first prong of the plain error test has been met. In short, no <u>Booker</u> error occurred.

AFFIRMED.